# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Christopher James Scholtes,

              Petitioner,      Case No. 21-cv-10260

v.                                    Judith E. Levy
                                    United States District Judge

Daniel Abbott, et al.,

                                    Magistrate Judge Curtis Ivy, Jr.

              Respondents.

_____/

# OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN [1]

Christopher James Scholtes ("Petitioner") is a pretrial detainee currently confined at the Van Buren County Jail in Paw Paw, Michigan. Petitioner has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) He seeks to be released from pretrial detention based on the Covid-19 pandemic. Petitioner states that he has contracted Covid-19 and, based upon his numerous underlying health conditions, needs to seek medical treatment from specialists unavailable to him at the jail. The Court concludes that the proper venue for this petition is in the Western District of Michigan and orders the petition

transferred to that district.

"Writs of habeas corpus may be granted by . . . the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (quoting 28 U.S.C. § 2242). The court in the district where the petition was filed may, in the exercise of its discretion and in furtherance of justice, transfer the application to another district for a hearing and determination. 28 U.S.C. § 2241(d); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

Petitioner is confined in Van Buren County, Michigan, and challenges the conditions of his confinement there. Van Buren County is within the geographical confines of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1).

Because of the potential inconvenience and expense of moving Petitioner between his facility and the Court for any hearings and

because the entirety of his petition relates to acts and witnesses within the confines of the Western District of Michigan, the interests of justice are furthered by a transfer of the case to the Western District of Michigan.

For the reasons set forth, the Court ORDERS the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Dated: February 18, 2021       s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                           United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 18, 2021.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager